No. 24638.

The Geer Company, a Nebraska corporation *v.* District Court in and for the Tenth Judicial District, State of Colorado, Honorable Jack F. Seavy, District Judge in and for the Tenth Judicial District, State of Colorado, Bollinger Mobile Homes, Inc., a Corporation; Margaret C. Billings.

(469 P.2d 734)

*Decided June 1, 1970.*

PHELPS, FONDA, HAYS, FARLEY, ABRAM and SHAW, for petitioner.

PRESTON, ALTMAN and PARLAPIANO, for respondents District Court in and for the Tenth Judicial District, State of Colorado, and the Honorable Jack F. Seavy, District Judge.

GIBSON, GIBSON, COLE and GERDES, for respondent Bollinger Mobile Homes, Inc.

JOHN R. WALL, for respondent Margaret C. Billings.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is a petition for writ of prohibition in which Geer Company, a Nebraska corporation, petitioner, alleges that the Pueblo district court is proceeding without and in excess of its jurisdiction. A motion to quash summons in the lower court action was denied by the court, and Geer was ordered to answer a third-party complaint in the proceedings.

Bollinger Mobile Homes, Inc., plaintiff in the trial court, is the holder of a purchase agreement and a chattel

mortgage involving the sale of a mobile home to Margaret C. Billings and brought suit alleging that Mrs. Billings did not pay an installment of $142.03 due on April 7, 1967, and was in default. Bollinger sought judgment against Billings in the amount of $11,362.40 and foreclosure of the chattel mortgage.

Billings answered denying all of the plaintiff's allegations with the exception of the allegation that she did not pay the installment of $142.03 due on April 7, 1967. She states as an affirmative defense that there was a failure of consideration for the execution of the purchase agreement. She alleges as a counterclaim (denominated a cross-claim) that plaintiff induced her to enter into the contract by certain false representations concerning the mobile home. She further alleges that upon discovering defects in the mobile home she offered to return it to the plaintiff if she were reimbursed in the sum of $1200, but plaintiff refused to accept the offer. She sought actual damages of $2081.12 and exemplary damages of $5000.

In addition Billings filed a third-party complaint against the Geer Company, its agent and servants, alleging the same false representations as alleged in her counterclaim. Her motion for substituted service of process was filed pursuant to C.R.S. 1963, 31-9-19, as amended. Geer moved to quash the service.

The trial court, after hearing, denied the motion to quash, resulting in this petition for writ of prohibition. We issued a rule to show cause. The sufficiency of the service of process is the issue. We hold that the motion to quash should have been granted and that the court has no jurisdiction over the Geer Company.

Billings, who will hereinafter be referred to by name or as respondent, sought substituted service of process pursuant to C.R.S. 1963, 31-9-19, as amended. The second paragraph of her motion states:

"As grounds therefor, plaintiff respectfully alleges that the said Geer Company is a foreign corporation and did

business in the County of Pueblo and State of Colorado through its agent Bollinger Mobile Homes, Inc., a corporation, plaintiff herein, for the sale of mobile homes manufactured by the aforesaid Geer Company, and that the mobile home in question in the instant action was manufactured by said Geer Company and sold to this defendant by its agent Bollinger Mobile Homes, Inc."

Petitioner Geer Company in its motion to quash stated in pertinent part that the Geer Company is a Nebraska corporation doing business in the state of Nebraska and has at no time done business in the State of Colorado, and further that the Bollinger Mobile Homes, Inc. is not an agent for the Geer Company.

The statute under which service was sought provides: "(3) If any foreign corporation shall hereafter transact business in this state without having qualified to transact business, it shall be deemed that such corporation has designated and appointed the secretary of state as an agent for process upon whom may be served any process from a court of record in any civil action arising out of any act or omission of such corporation within this state. * * *"

In addition to service on the secretary of state, service under this statute must be completed by mail or by personal service within or without the state on the person over whom jurisdiction is sought. Service herein was by mail.

Before discussing the precise question involved, it is necessary to emphasize that the grounds alleged by respondent Billings for asserting that the court had jurisdiction over Geer were that *Geer did business in Colorado through its agent, Bollinger.* On this basis substituted service on the secretary of state was made. Notwithstanding this procedural fact, respondents state in their answer to show cause that whether Bollinger was Geer's agent is immaterial and now seek to rely on the language of 1965 Perm. Supp., C.R.S. 1963, 37-1-26 and 37-1-27, the so-called "Long Arm" statute. Section 37-1-26 reads:

"Jurisdiction of courts. — (1) (a) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative, to the jurisdiction of the courts in this state, concerning any cause of action arising from:

"(b) The transaction of any business within this state;"

They further argue that whether there is agency is not an element to be considered where there is evidence of the transaction of business within Colorado by Geer. (The evidence which they rely on will be discussed when all of the evidence is considered.)

■ Respondents did not serve process on Geer by personal service as required by the "Long Arm" statute. The record is clear that service was sought under the provisions of 31-9-19, *supra*. The burden of proof is on the third-party plaintiff to establish by competent evidence all the facts essential to the court's jurisdiction under that particular statute. *Carlson v. District Court of Denver,* 116 Colo. 330, 180 P.2d 525.

There was no evidence in the case at bar to show that Bollinger was the agent of Geer. At the hearing on the motion to quash, Mrs. Billings' testimony was taken and answers to written interrogatories which had been served on Geer and Bollinger by Mrs. Billings pursuant to R.C.P. Colo. 33 were submitted. The evidence was not in dispute and established that Bollinger was in the business of selling mobile homes in Pueblo and Colorado Springs. Bollinger purchased only by phone orders from Geer the mobile homes offered for sale in its business. The exact number purchased is in some doubt — Geer's answer was that nine were purchased from April 5, 1966 to February 1, 1967; Bollinger estimated that it bought about twenty, but did not state the dates of these purchases. The purchase and sale was outright, and Geer did not floor plan its sales to Bollinger or any other purchaser in Colorado. It is not shown that Bollinger was

the sole purchaser of Geer products in Colorado. It can be inferred from the interrogatories that Bollinger purchased other homes for sale. Two Geer Company officers made a trip to the Bollinger business for "liaison" purposes during the time that Bollinger was a purchaser of Geer products. A service representative of Geer who resides in Nebraska made several trips to Bollinger's place of business and also visited Mrs. Billings' mobile home, apparently after she had complained by letter to the company of defects in the home. There is testimony that some of the Geer products bought by Bollinger were delivered to its place of business by Geer. Others were not, including, according to the affidavit of a Geer employee, the home purchased by Mrs. Billings.

Mrs. Billings testified that before she purchased her mobile home she discussed the construction of it with a salesman of Bollinger, and he referred her to a Geer brochure which described the product. It was not contended that any salesman of Bollinger represented it to be an agent of Geer Company.

All of the evidence points to a seller-purchaser relationship where the Bollinger corporation, an independent business, purchased products manufactured by Geer and others and sold them in its own business. All of the evidence is that Bollinger was in business for itself and not as agent for Geer. As a matter of law, Billings failed to establish Bollinger's status as an agent for Geer.

The respondents state that the evidence that Geer delivered mobile homes to Bollinger and made contacts with Bollinger and Mrs. Billings is sufficient evidence to find that Geer did business in Colorado under the "Long Arm" statute. Service was not made pursuant to that statute, and its provisions are not applicable here.

. The rule is made absolute.